```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: November 4, 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                              :
MARCY ZEVON, individually and on behalf of                    :
all others similarly situated,                                :
                                                              :
                              Plaintiff,                      :
                                                              :      12 Civ. 7799 (PAC)
             -against-                                        :
                                                              :      OPINION AND ORDER
DEPARTMENT STORES NATIONAL BANK,                              :
                                                              :
                              Defendant.                      :
                                                              :
-------------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

     Plaintiff Marcy Zevon ("Plaintiff"), a holder of a Macys credit card issued by Defendant

Department Stores National Bank ("DSNB"), claims that DSNB violated the Truth in Lending

Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and TILA's implementing regulation ("Regulation Z"),

12 C.F.R. pt. 1026, *et seq.*, by failing to include the full text of Regulation Z's model billing

rights notice in monthly statements sent to Macys credit card holders.  Plaintiff seeks to represent

all persons who were sent, on or after October 18, 2011, a statement with a billing rights notice

containing substantially the same text as the billing rights notice sent to Plaintiff.  On March 15,

2013, DSNB moved to dismiss Plaintiff's Complaint or, in the alternative, to strike Plaintiff's

request for $1,000,000 in statutory damages.

     For the reasons set forth below, DSNB's motion to dismiss is DENIED and its motion to

strike is GRANTED.

## BACKGROUND

I.     **Statutory and Regulatory Background**

TILA promotes consumers' "informed use of credit" by requiring that creditors provide "meaningful disclosure of credit terms." *See* 15 U.S.C. § 1601(a); *Chase Bank USA, N.A. v. McCoy*, 131 S. Ct. 871, 874 (2011).  TILA authorizes the Consumer Financial Protection Bureau ("CFPB") to issue regulations to achieve TILA's purpose of promoting meaningful disclosure. *See* 15 U.S.C. § 1604(a).  CFPB has the authority to promulgate regulations that "may contain such additional requirements, classifications, differentiations, or other provisions, and may provide for such adjustments and exceptions for all or any class of transactions, as in the judgment of the Burea are necessary or proper." *Id.*  The regulation promulgated to enforce TILA is known as Regulation Z.  *See* 12 C.F.R. § 226.1.

One way TILA furthers its purpose is by requiring that creditors provide billing rights notices to customers.  Under 15 U.S.C. § 1637(a)(7), creditors must provide an annual billing rights notice "in a form prescribed by regulations of the Bureau."  These notices must be "substantially similar" to Regulation Z's Model Form G-3(A) and are known as "long-form notices." *See* 12 C.F.R. § 1026.6(b)(5)(iii).  As an alternative to annual notices, Regulation Z allows creditors to distribute a shortened billing rights notice on a monthly basis.  *See* 12 C.F.R. § 1026.9(a)(2).  Known as "short-form notices," these statements must be "substantially similar" to Regulation Z's Model Form G-4(A). *See id.*  Although either type of notice can satisfy TILA's requirements, only long-form notices are explicitly discussed in TILA's statutory provisions. *See generally* 15 U.S.C. § 1637(a)(7).

TILA provides consumers with a cause of action for statutory damages for certain specifically enumerated statutory provisions. *See* 15 U.S.C. 1640(a).  Section 1637 is one of the enumerated provisions and, as a result, consumers may generally obtain statutory damages for a creditor's failure to provide an adequate long-form notice. *See id.*  On July 22, 2010, Congress

recently increased the limit for class action statutory damages from $500,000 to $1,000,000.  *See*

Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, § 1416(a),

124 Stat. 1376, 2153 (2010).

## II.    Factual Background

The following factual allegations, which are assumed to be true for the purposes of the

motion to dismiss, are drawn from Plaintiff's Complaint.  *Litwin v. Blackstone Grp., L.P.*, 634

F.3d 706, 708 (2d Cir. 2011).  Plaintiff is the holder of a Macys Card store credit card account

issued by DSNB.  Compl. ¶ 11.  On or about October 19, 2011, DSNB sent Plaintiff a monthly

statement and included a short-form billing rights notice.  Compl. ¶¶ 12, 33; *see id.*, Ex. A.  The

model short-form notice provided in Regulation Z includes two sections:  (1) "What To Do If

You Think You Find A Mistake On Your Statement" and (2) "Your Rights If You Are

Dissatisfied With Your Credit Card Purchases."  12 C.F.R. § 1026, Appendix G, Model Form G-

4(A).  The "short-form" notice Plaintiff received, however, omitted this advisory notice.  Compl.

¶ 35; *see id.*, Ex. A.

On October 18, 2012, Plaintiff brought this action individually and on behalf of all others

similarly situated.  The proposed class would include "all persons who, according to the Bank's

records, were furnished, on or after October 18, 2011, a periodic statement with a billing rights

notice containing substantially the same text as that in the billing rights notice" sent to Plaintiff.

Compl. ¶ 15.[1]  Plaintiff does not claim any injury from this omission, but seeks injunctive relief

and $1,000,000 in statutory damages, together with costs and reasonable attorney's fees,

pursuant to Section 1640(a).  *See* Compl. ¶¶ 4, 39.  On March 15, 2013, DSNB moved to dismiss

---

[1] On October 25, 2013, U.S. District Judge Nathan transferred to this Court a class action brought by a
Bloomingdales credit card account holder against DSNB for an almost identical billing rights notice.  *See Rubinstein
v. Dept. Store Nat'l Bank*, 12-cv-7799 (S.D.N.Y.).  In that case, the plaintiff defines the class in substantially similar
terms.

the Complaint for failure to state a claim and, in the alternative, to strike Plaintiff's request for $1,000,000 in damages.  DSNB argues that Plaintiff is not entitled to statutory damages for violations of 12 C.F.R. § 1026.9(a)(2) because it is not listed in Section 1640(a) and, even if Plaintiff is entitled to statutory damages, she is limited to a maximum of $500,000.

## DISCUSSION

### I.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) requires Plaintiff to "provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must allege "'enough facts to state a claim to relief that is plausible on its face.'"  *Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court accepts as true all well-pleaded factual allegations and draws all inferences in Plaintiff's favor.  *See Allaire Corp. v. Okumus*, 433 F.3d 248, 249-50 (2d Cir. 2006).  In evaluating a motion to dismiss, the Court "may consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference . . . and documents possessed by or known to the plaintiff and upon which [he] relied in bringing the suit."  *ATSI*, 493 F.3d at 98.

### II.    Statutory Damages Are Permissible

DSNB argues that, even if it did violate Regulation Z's requirements for short-form notices, Plaintiff is not entitled to statutory damages for that violation.  DSNB claims that

Plaintiff cannot seek statutory damages because short-form notices are only mentioned in Regulation Z, not one of the statutory provisions listed in Section 1640(a). *See* Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss and/or Motion to Strike ("Def.'s Br.") at 5-6. DSNB acknowledges liability if Plaintiff were provided with a deficient long-form notice, because a violation of Section 1637(a)(7) is among the enumerated provisions in Section 1640(a). *See* Def.'s Br. at 5. In effect, DSNB argues that creditors are immune from statutory damages, if they use short-form notices—no matter how deficient those notices may be. This argument fails.

Courts routinely disallow statutory damages for violations of TILA provisions that are not enumerated in Section 1640(a). *See, e.g.*, *Kelen v. World Fin. Network Nat'l Bank*, 763 F. Supp. 2d 391, 394-95 (S.D.N.Y. 2011); *Turk v. Chase Manhattan Bank USA, N.A.*, No. 00-Civ-1573, 2001 WL 736814, at *2 (S.D.N.Y. June 11, 2001). But if a violated provision in Regulation Z was promulgated pursuant to an enumerated statute, however, a court will permit an award of statutory damages. *See Schuster v. Citibank (South Dakota), N.A.*, No. 00 Civ. 5940, 2002 WL 31654984, at *3-4 (S.D.N.Y. Nov. 21, 2002) (holding that the relevant provision of Regulation Z implemented a section of TILA when "the Board deal[t] specifically with the disclosure of periodic rates in the periodic statements in almost identical language to the statute"); *see also Rubinstein v. Dept. Stores Nat'l Bank*, No. 12 Civ. 8054, 2013 WL 3817767, at *3 (S.D.N.Y. July 22, 2013). Here, Section 1637(a)(7) requires that creditors provide "[a] statement, in a form prescribed by regulations of the Bureau." Although a short-form notice was not contemplated by this section, CFPB had the authority to make an "adjustment" designed to "effectuate the purposes of TILA," *see* 15 U.S.C. § 1640(a), and did so in providing for this

alternative form.  Therefore, this Court finds that the violated regulation was promulgated

pursuant to a provision listed in Section 1640(a).  *See Rubinstein*, 2013 WL 3817767, at *3.[2]

DSNB claims that Plaintiff has attempted to "rewrite[e]" the Complaint in opposing

DSNB's motion.  Defendant's Reply in Support of Defendant's Motion to Dismiss and/or

Motion to Strike ("Def.'s Reply Br.") at 4.  That is inaccurate.  Plaintiff is not refashioning its

Complaint to allege that DSNB provided a deficient long-form notice.  Instead, Plaintiff relies on

Section 1367(a)(7) as the statutory basis for CFPB's authority to provide for short-form notices

as an alternative.  *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to

Dismiss ("Pl.'s Opp'n Br.") at 7-12.  This is entirely consistent with the allegations Plaintiff

made in her Complaint.  *See* Compl. ¶ 32 ("Regulation Z, implementing 15 U.S.C. § 1637(a)(7),

generally requires the credit issuer to furnish a billing rights notice . . . to the customer either

annually or with the periodic billing statement . . .").

Next, DSNB relies on this Court's decision in *Schnall v. HSBC Bank Nevada, N.A.*, No.

11-cv-8942, 2013 WL 1100769 (S.D.N.Y. Mar. 18, 2013), holding that the plaintiff was not

entitled to statutory damages for defendant's failure to comply with Regulation Z's requirement

that creditors disclose year-to-date interest charges in billing statements.  *Id.* at *4-5.  Plaintiff

claimed that the violated Regulation Z provision was implemented pursuant to a provision in

TILA that requires a creditor to include "the amount of any finance charge added to the account"

in each statement.  *Id.* at *4 (citing 15 U.S.C. § 1637(b)(4)).  This Court held that the purported

regulation violation was not "identical or substantially similar" to any section of TILA, which

---

[2] Recently, in *Schwartz v. HSBC Bank USA, N.A.*, No. 13 Civ. 769, 2013 WL 5677059 (S.D.N.Y. Oct. 18, 2013), U.S. District Judge Engelmayer rejected plaintiff's argument that statutory damages could be imposed because the violated provision of Regulation Z implemented TILA.  *Id.* at *7.  In that case, plaintiff "fail[ed] to show that HSBC's alleged disclosure lapses violated TILA" but tried to "obtain statutory damages through the back door by relying instead on similarly worded implementing regulations."  *Id.*  Here, however, Plaintiff argues that TILA *has* been violated and that short-form notices are merely an alternative to the form described in TILA's statutory provisions.

did not "expressly require the year-to-date disclosures." *Id.* In this case, however, TILA expressly requires disclosure of billing rights made "in a form prescribed by regulations of the Burea." *See* 15 U.S.C. § 1637(a)(7). The implementing regulation, 12 C.F.R. § 1026.9(a), merely provides two ways to satisfy this requirement. *See Rubinstein*, 2013 WL 3817767, at *4. Notably, DSNB does not suggest any justification or explanation of why Congress or any regulatory agency would have intended to provide for statutory damages based on one option but not the other. *Schnall* does not control the present case. *See id.* (where U.S. District Judge Nathan carefully and correctly distinguished *Schall* from *Rubinstein*, which is almost identical to this case).

The Court holds that the regulatory provision authorizing short-form notices, 12 C.F.R. § 1026.9(a), was promulgated pursuant to Section 1637(a)(7). Since Section 1637(a) is an enumerated provision under Section 1640(a), Plaintiff is entitled to statutory damages, if she establishes that DSNB violated 12 C.F.R. § 1026.9(a).

**III.     Statutory Damages Are Limited to $500,000**

DSNB also moves to strike Plaintiff's request for $1,000,000 in statutory damages. DSNB claims that Plaintiff's damages are limited to $500,000 because the legislation that increased damages to $1,000,000 was not in effect until January 21, 2013, over three months after Plaintiff brought its Complaint. *See* Def.'s Br. at 7. Alternatively, Plaintiff argues that the effective date should be the day after the legislation's enactment, or July 22, 2010. *See* Pl.'s Opp'n Br. at 13-17. This Court agrees with and joins the growing number of courts holding that the increase in the statutory damages cap for class actions under TILA is effective as of January 21, 2013. *See Rubinstein*, 2013 WL 3817767, at *7; *Nelson-Ramsey v. Deer Valley Auto Sales &*

*Fleet Servs., Inc.*, No. CV 12-00747, 2012 WL 2990762, at *1 (D. Ariz. July 20, 2012); *Hummel v. Hall*, 868 F. Supp. 2d 543, 556-57 (W.D. Va. 2012).

Congress increased the ceiling for statutory damages under TILA when it passed Section 1416 of the Dodd-Frank Wall Street Reform and Consumer Protection Act (the "Dodd-Frank Act"), Pub. L. No. 111-203, 124 Stat. 1376 (2010). Section 4 of the Dodd-Frank Act states that, "[e]xcept as otherwise specifically provided in this Act or the amendments made by this Act, this Act and such amendments shall take effect 1 day after the date of enactment of this Act." § 4, 124 Stat. at 1390. Based on this section, the ceiling increase would have been effective on July 22, 2010. Title XIV of the Dodd-Frank Act, which contains Section 1416, however, begins with a section titled "Regulations; Effective Dates." § 1400(c)(3), 124 Stat. at 2136. This suggests that Section 4 does not control the effective dates under Title XIV because they were "specifically provided" under that title. Yet it is then unclear what date would be effective. Section 1400(c)(3) provides that "[a] section of this title for which regulations have not been issued on the date that is 18 months after the designated transfer date [of July 21, 2011] shall take effect on such date." Nothing in Section 1400(c)(3) indicates whether it is to be applied to provisions that did not require any regulations to be implemented—like Section 1416—and therefore this Court finds the text ambiguous.

The text of the statute is ambiguous and now the Court turns to the Dodd-Frank Act's legislative history. *See Nwozuzu v. Holder*, 726 F.3d 323, 327 (2d Cir. 2013) ("If . . . the terms are ambiguous or unclear, we may consider legislative history . . ."). On July 15, 2010, Senator Chris Dodd stated the following:

> There are a number of provisions in title XIV for which there is not a specified
> effective date other than what is provided in section 1400(c). It is the intention of
> the conferees that provisions in title XIV that do not require regulations become

> effective no later than 18 months after the designated transfer date for the CFPB,
> as required by section 1400(c).

156 Cong. Rec. S5928 (daily ed. July 15, 2010) (statement of Sen. Chris Dodd). This resolves

the question of whether Section 1416, which increased the ceiling for TILA damages, should be

analyzed under the effective date set out in Section 1400(c)(3). According to Senator Dodd's

statement, the effective date would be eighteen months after the designated transfer date of July

21, 2011, and therefore the new ceiling went into effect on January 21, 2013. The delay makes

sense from a policy standpoint and would give creditors time to come into compliance before

being subject to the scheduled increase in fines. The Court holds that Plaintiff brought her

Complaint before the $1,000,000 statutory maximum was in place and therefore she is not

entitled to its benefit.[3]

  Plaintiff asks this Court to apply the higher damages amount in the interest of fairness

because the damages cap is merely procedural. *See* Pl.'s Opp'n Br. at 14-15.[4] Although

retroactive application of a statute is traditionally disfavored due to "considerations of fair notice,

reasonable reliance, and settled expectations," these considerations are minimized when a statute

governs only procedural requirements. *Landgraf v. USI Film Prods.*, 511 U.S. 244, 270, 275

(1994). As a result, a court may apply a procedural requirement retroactively. *See id.* at 275; *see*

*also Winne v. Equitable Life Assurance Soc'y*, 315 F. Supp. 2d 404, 415-17 (S.D.N.Y. 2003)

(applying the Securities Litigation Uniform Standards Act retrospectively because the statute

---

[3] This holding does not lead to an "absurd result" as Plaintiff claims. Pl.'s Opp'n Br. at 15-17. While is true that "TILA is meant to be construed liberally in favor of the consumer," this liberal construction should be used to advance TILA's purpose in achieving meaningful disclosure. *See Schnall v. Marine Midland Bank*, 225 F.3d 263, 267 (2d Cir. 2000); *Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 283 (S.D.N.Y. 2011). Only if the statutory objective of meaningful disclosure is not achieved should the increased fine be rendered effective. Here, allowing Plaintiff to seek $1,000,000 in statutory damages will not encourage other creditors to provide meaningful disclosure.

[4] In the same section, Plaintiff argues that the damages increase does not expand the scope of DSNB's liability because DSNB could have been liable before the Dodd-Frank Act for $1,000,000 in total damages as a result of multiple, individual lawsuits. *See* Pl.'s Opp'n Br. at 13-14. Of course, Plaintiff filed her Complaint as a class action seeking $1,000,000 in statutory damages and therefore any other damages calculation is entirely beside the point.

regulated the filing of class action lawsuits, not the defendant's underlying conduct). Yet Plaintiff offers little reason to view the damages increase—a doubling of a creditor's damages exposure under TILA—as a mere procedural requirement. Instead, this Court views the increase as "the type of legal change that would have an impact on private parties' planning" and therefore does not operate retrospectively. *See Landgraf*, 511 U.S. at 282-83 (holding that a new compensatory damages provision under the Civil Rights Act of 1991 should not operate retrospectively).

Plaintiff suggests that she is entitled to the higher damages cap because DSNB may have distributed similar billings rights notices after January 21, 2013. Pl.'s Opp'n Br. at 13-14. But it was Plaintiff's burden to allege this in her Complaint.

## CONCLUSION

Accordingly, this Court DENIES Defendant's motion to dismiss the Complaint and GRANTS Defendant's motion to strike Plaintiff's request for $1,000,000 in statutory damages.

Dated:  New York, New York
        November 4, 2013

                                        SO ORDERED

                                        _____
                                        PAUL A. CROTTY
                                        United States District Judge