USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: <u>9-22-16</u>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARCY ZEVON and VALERIE RUBINSTEIN, individually and on behalf of all others similarly situated,

                                        Plaintiffs,

            v.

DEPARTMENT STORES NATIONAL BANK,

                                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. 12-CIV-7799 (PAC)

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AND CONDITIONALLY CERTIFYING SETTLEMENT CLASS**

Plaintiffs' unopposed Motion for Approval of Proposed Class Action Settlement has come before this Court.  The Court determines and orders as follows:

1.      Counsel have advised the Court that the parties have agreed, subject to approval by this Court following notice to the Settlement Classes (as described in Paragraph 5 below) and a hearing, to settle this action on the terms and conditions set forth in the Settlement Agreement, which has been filed with the Court.

2.      The Court has reviewed the Settlement Agreement, as well as the files, records and proceedings to date in this matter.  For purposes of this Order, capitalized terms shall have the meaning ascribed to them in the Settlement Agreement.

3.      Based on preliminary examination, the Court concludes that the Settlement Agreement appears to be fair, reasonable and adequate and within the range of possible approval, that the Settlement Classes should be certified for settlement purposes, subject to Paragraph 11

below, and that a hearing should be held after notice to the Settlement Classes to determine

whether the Settlement Agreement is fair, reasonable and adequate, and whether a settlement

approval order and final judgment should be entered in this action, based upon that Settlement

Agreement.

Based upon the foregoing, IT IS HEREBY ORDERED:

1.     *Preliminary Approval of Proposed Settlement*.  The Settlement Agreement,

including all exhibits thereto, is preliminarily approved as fair, reasonable and adequate and

within the range of possible approval.  The Court finds that: (a) the Settlement Agreement

resulted from extensive arm's length negotiations; and (b) the Settlement Agreement is sufficient

to warrant notice thereof to Settlement Class Members and a full hearing on the approval of the

Settlement.

2.     *Class Certification for Settlement Purposes*.  The Court conditionally certifies,

for settlement purposes only, the following Settlement Classes:

"CLASS I," which is conditionally certified under Federal Rule of Civil

Procedure 23(b)(2), (b)(3) and (c), is defined as:

> All holders of a credit card issued by DSNB who were provided with one
> or more on-line or mailed periodic statements for that credit card account
> between October 18, 2011 and December 31, 2011 and to whom a
> Statement Notice shall be provided pursuant to the terms of the settlement.

"CLASS II," which is conditionally certified under Federal Rule of Civil

Procedure 23(b)(2) and (c), is defined as:

> All holders of a credit card issued by DSNB who were provided with one
> or more on-line or mailed periodic statements for that credit card account
> between October 18, 2011 and December 31, 2011 and to whom a
> Statement Notice will not be provided pursuant to the terms of the
> settlement.

In connection with this conditional certification, the Court makes the following

preliminary findings:

(a)     The Settlement Classes each appear to be so numerous that joinder of all members is impracticable;

(b)     There appear to be questions of law or fact common to each of the Settlement Classes for purposes of determining whether this settlement should be approved;

(c)     The claims of plaintiffs Marcy Zevon and Valerie Rubinstein appear to be typical of the claims being resolved through the proposed settlement;

(d)     Plaintiffs Marcy Zevon and Valerie Rubinstein appear to be capable of fairly and adequately protecting the interests of the Settlement Classes in connection with the proposed settlement, and are designated as Class Representatives for the Settlement Classes;

(e)     For purposes of determining whether the settlement is fair, reasonable and adequate, (1) it appears that DSNB has acted or refused to act on grounds that apply generally to the Settlement Classes, and (2) common questions of law and fact appear to predominate over questions affecting only individual Settlement Class Members.  Accordingly, the Settlement Classes appear to be sufficiently cohesive to warrant settlement by representation;

(f)     For purposes of settlement, (1) final injunctive relief or corresponding declaratory relief appears to be appropriate respecting the Settlement Classes as a whole, and (2) certification of the Settlement Classes appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class Members.

3.     *Class Counsel*.  The Court appoints Bromberg Law Office, P.C., and the Law Office of Harley J. Schnall, as counsel for the Settlement Classes.  The Court finds that these counsel are competent and capable of exercising their responsibilities as Class Counsel.

4.     *Settlement Hearing*.  A final approval hearing (the "Settlement Hearing") shall be

-3-

held before the Honorable Paul A. Crotty, Courtroom 14C, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, on **May 31, 2017 at 2:30 p.m.**, as set forth in the notice to the Settlement Classes (described in Paragraph 5 below), to determine whether the Settlement Agreement is fair, reasonable and adequate and should be approved. Papers in support of final approval of the Settlement Agreement, the incentive award to the Class Representatives and Class Counsel's application for an award of attorneys' fees, costs and expenses (the "Fee Application") shall be filed with the Court according to the schedule set forth in Paragraph 9 below. The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Classes. After the Settlement Hearing, the Court may enter a Settlement Order and Final Judgment in accordance with the Settlement Agreement (the "Final Judgment") that will adjudicate the rights of the Settlement Class Members with respect to the claims being settled.

5.   *Class Notice*. Class Notice shall be provided by DSNB in accordance with the Settlement Agreement within one hundred eighty (180) days following entry of this Order.

(a)   *Statement Notice*. DSNB shall provide individual notice to each Settlement Class Members to the extent that DSNB is required, pursuant to 12 C.F.R. § 1026.5(b)(2), to mail or deliver to the Settlement Class Member a periodic statement in the month (or billing period) in which the mailing or delivery will occur. DSNB may provide notice through a statement message included on the statement, a billing insert accompanying the statement, a web-based message for Settlement Class Members who receive on-line statements, a message on the on-line statements, a solo mailing or a combination thereof. The content of the Statement Notice shall be a short-form notice directing Settlement Class Members to the location of the Internet Notice and shall be substantially in the form of Exhibit D attached to the

Settlement Agreement.  Fourteen (14) days before it begins to provide individual notice under this subparagraph (a), DSNB shall notify Class Counsel of the method or methods chosen to provide such notice.

(b)     ***Publication Notice.***  DSNB shall place a summary Publication Notice, substantially in the form of Exhibit E attached to the Settlement Agreement, in an issue of the national edition of USA Today, within 15 to 45 days after it begins to provide Statement Notice.

(c)     ***Internet Notice***.  Internet Notice, substantially in the form of Exhibit C attached to the Settlement Agreement, shall be posted and made available for download in .pdf format on a website, the domain name and content of which shall be subject to review and approval by DSNB.  The website shall be maintained by a third-party settlement administrator selected at DSNB's sole discretion and shall be active and accessible until one hundred twenty (120) days after the Effective Date.

**6.**     ***Findings Concerning Class Notice***.  The Court finds that the foregoing program of class notice and the manner of its dissemination is the best practicable notice under the circumstances.  The Court further finds that the class notice program is reasonable, that it constitutes due, adequate and sufficient notice to all persons entitled to receive notice and that it meets the requirements of due process.

**7.**     ***Exclusion from Settlement Classes***.  Each Settlement Class Member who wishes to exclude himself or herself from the Settlement Classes and follows the procedures set forth in this Paragraph shall be excluded.  Any potential member of the Settlement Classes must mail a written request for exclusion, in the form and to the address specified in the Class Notice.  All such written requests must be postmarked by **April 27, 2017**.  All persons who properly make requests for exclusion from the Settlement Classes shall not be Settlement Class Members and

LA 52010131v1

shall have no rights with respect to the settlement, should it be approved.

        **8.**      ***Objections and Appearances.***

        (a)      ***Written Objections.***  Any potential member of the Settlement Classes who has not timely submitted a written request for exclusion from the Settlement Classes, and thus is a Settlement Class Member, may object to the fairness, reasonableness or adequacy of the settlement or the Fee Application. Settlement Class Members may do so either on their own or through counsel hired at their own expense. Any Settlement Class Member who wishes to comment on or object to the settlement or the Fee Application must file a written comment or objection with the Clerk of the Court, Daniel Patrick Moynihan U.S. Courthouse, 500 Pearl Street, New York, New York 10007, including the case name and docket number, <u>Zevon v. Department Stores National Bank</u>, No. 12-CIV-7799. Any comments or objections must also be mailed to: Brian L. Bromberg, Bromberg Law Office, P.C., Standard Oil Building, 26 Broadway, 21st Floor, New York, NY 10004 (Class Counsel); and Julia B. Strickland, Stroock & Stroock & Lavan LLP, 2029 Century Park East, 18th Floor, Los Angeles, California 90067-3086 (DSNB's Counsel). Comments or objections must be filed and mailed to Class Counsel and DSNB's Counsel not later than **April 27, 2017**. Any objection that is not timely filed and mailed shall be forever barred.

        (b)      ***Appearance at Settlement Hearing.***  Any Settlement Class Member who timely files and serves a written comment or objection may also appear at the Settlement Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to comment on or object to the fairness, reasonableness or adequacy of the settlement or the Fee Application. Settlement Class Members or their counsel intending to appear at the Settlement Hearing must file with the Court and serve on Class Counsel and DSNB's counsel at the

LA 52010131v1

addresses listed above, no later than **April 27, 2017**, a notice of intention to appear setting forth: (1) the name and address of the Settlement Class Member (and, if applicable, the name, address and telephone number of the Settlement Class Member's attorney); and (2) the objection, including any papers in support thereof.  Any Settlement Class Member who does not timely file and serve a written objection and the notice of intention to appear by **April 27, 2017** shall not be permitted to object or appear at the Settlement Hearing, except for good cause shown, and shall be bound by all proceedings, orders and judgments of the Court.  For the convenience of the Court, Class Counsel shall assemble and file with the above-captioned Court, a complete set of the objections submitted by Settlement Class members.

      9.    ***Further Papers in Support of Settlement and Fee Application***.  Any responses to objections to the Settlement Agreement and any papers in support of the Settlement and Fee Application shall be filed with the Court on or before **May 15, 2017.**

      10.    ***Effect of Failure to Approve the Settlement Agreement.***  In the event the Settlement Agreement is not approved by the Court, or for any reason the parties fail to obtain a Final Judgment as contemplated in the Settlement Agreement, or if the Effective Date does not occur, or if the Settlement Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

      (a)    All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no further force and effect, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in any other proceeding;

      (b)    The conditional certification of the Settlement Classes pursuant to this Order shall be vacated automatically and void; no doctrine of waiver, estoppel or preclusion shall

-7-

be asserted in any litigated certification proceedings in the Actions; and this Agreement and its existence shall be inadmissible to establish any fact relevant to class certification or any alleged liability of DSNB for the matters alleged in the Actions or for any other purpose;

      (c)     Nothing contained in this Order is, or may be construed as, any admission or concession by or against DSNB or plaintiffs Marcy Zevon and Valerie Rubinstein on any point of fact or law; and

      (d)     Neither the settlement terms nor any publicly disseminated information regarding the settlement, including, without limitation, the class notices, court filings, orders and public statements, may be used as evidence for any purpose whatsoever. In addition, neither the fact of, nor any documents relating to, any failure of the Court to approve the settlement and/or any objections or interventions may be used as evidence for any purpose whatsoever.

      **11.**     ***Stay of Proceedings.***  All proceedings in the action are stayed until further order of the Court, except as may be necessary to implement the terms of the settlement. Pending final determination of whether the settlement should be approved, neither the Class Representatives nor any Settlement Class Member, either directly or in any representative or other capacity, shall commence or prosecute against any of the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

      DONE this ___24___ day of ___September___ 2016.

                        The Honorable Paul A. Crotty
                        United States District Judge